IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

BENJAMIN GOLDSTEIN,

    Plaintiff,

vs.

THE DISTRICT BOARD OF TRUSTEES OF BROWARD COLLEGE,

    Defendant.

_____/

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, BENJAMIN GOLDSTEIN, by and through undersigned counsel, sues Defendant, THE DISTRICT BOARD OF TRUSTEES OF BROWARD COLLEGE ("Broward College" or "Defendant"), and alleges:

### JURISDICTION AND VENUE

1. This is an action for money damages in excess of $50,000, exclusive of costs, interest and attorney's fees, arising out of Defendant's violations of 29 U.S.C. § 794, the Rehabilitation Act ("RA"), and 42 U.S.C. § 12132, Title II of the Americans With Disabilities Act ("ADA") and its interpreting regulations, including 28 C.F.R. 35.130, over which causes of action this Court has concurrent jurisdiction.

2. Venue in Broward County, Florida, is proper in that Plaintiff is a Broward County resident, Broward College is located in Broward County, and the conduct complained of occurred in Broward County.

### PARTIES

**Plaintiff**

3. Plaintiff is an 18-year old resident of Broward County, Florida, and Senior at Marjory Stoneman Douglas High School ("MSDHS") in Broward County, Florida, which he has attended for the past four years under a diagnosis and documented history of Attention Deficit/Hyperactivity Disorder ("ADHD") which MSDHS was fully aware of.

4. Plaintiff's ADHD causes significant impairment of his executive functions, time management, ability to initiate and complete tasks, and his ability to compete in an academic and work environment; it is a disability which renders him distressingly unable to participate in major life activities at the level of the average person in the general population. ADHD is recognized nationwide as a disability which qualifies students like Plaintiff to receive reasonable academic accommodations under the ADA and RA.

5. In recognition of Plaintiff's disability, MSDHS placed him on a "504 Plan" to accommodate his significant academic struggles, pursuant to Section 504 of the ADA which was enacted by Congress to ensure students with disabilities throughout the nation get equal access to education in public schools.

**Defendant**

6. Defendant is a political subdivision and instrumentality of the State of Florida which operates, controls, and manages Broward College, and is a public educational institution that receives federal financial assistance.

7. Defendant makes the ultimate operational decisions as to the running of the College, has the responsibility over college programs, courses, and services, exercises authority over the grant, or refusal to grant, accommodations to students with disabilities, and has the responsibility to ensure

that students with disabilities have appropriate access to educational opportunities at Broward College.

## GENERAL ALLEGATIONS

### The Dual Enrollment Program Failure

8. Broward College and MSDHS participate in a dual enrollment educational program by which MSDHS students can enroll in Broward College online courses and earn college credits. Unbeknownst to Plaintiff or his parents, there is no communication between the two institutions as to whether enrolling high school students are receiving, or need, disability accommodations.

9. While a Junior at MSDHS, Plaintiff enrolled in a Broward College online literature course taught by Professor Elisa Albo in the Spring of 2025.

10. Due to his disability, and despite the fact that he was otherwise qualified to take the course, Plaintiff was unsuccessful in meeting, without accommodation, the academic challenges of the course, including completing assignments, quizzes, and the final exam, resulting in a final course grade of "F."

### Plaintiff's Unavailing Efforts to Obtain Reasonable Accommodation

11. On May 8, 2025, Plaintiff e-mailed the Senior Director of the Dual Enrollment Program, Alexis Kitchman, putting her on direct and specific notice of Plaintiff's disability, his 504 Plan, the circumstances of his disability related failing grade in the dual program course, and requesting a reasonable accommodation in the form of allowing him to make up course work, re-take the course, or simply allowing him a withdrawal grade ("W") for the course.

12. Without any real investigation, any interactive process to address Plaintiff's predicament, or resort to professional judgment, Ms. Kitchman, the next day, summarily denied Plaintiff's accommodation request.

13. On May 26, 2025, Plaintiff submitted an Academic Standards Petition to Broward College, pursuing the prescribed appeals process. He requested the same specific reasonable accommodation and/or a modification of the dual enrollment program, policies, and procedures, to allow him to make up course work, re-take the course, or simply receive a "W" grade in the class, in recognition of his disability, and in furtherance of giving him the educational opportunity required by the ADA and RA.

14. Again, Plaintiff's Petition was summarily denied without any reasonable investigation by the College, without any effort to engage in a meaningful interactive process to determine the appropriate course of action in light of the circumstances, and without any attempt to make any reasonable accommodation to Plaintiff in light of his disability.

15. Plaintiff then initiated a formal Grade Appeal with the Online Campus Grade Appeal Committee, and once again his request for the same specific and reasonable accommodation for his disability was summarily denied by the Committee's September 18, 2025 decision. That decision was affirmed as final in an October 6, 2025 letter from the Broward College Interim Provost and Senior Vice President, Dr. Jamonica Rolle.

**Defendant's Deliberate Indifference and Discrimination**

16. Defendant's unconsidered denial of Plaintiff's request for reasonable accommodation, and/or modification of its policies and procedures under the dual enrollment program to meet the unique needs of a disabled high school student, was not based on any reasoned or valid professional judgment.

17. Defendant's flat refusal to make any attempt at accommodation for Plaintiff's disability, which resulted in his failing grade in the dual program course, reveals a deliberate indifference to Plaintiff's disability, and was in violation of Broward College's own Disability

Services and Academic Accommodations for Students Policy, which recognizes that "reasonable accommodations are modifications or adjustments to the tasks, environment, or to the way things are usually done that enable individuals with disabilities to have an equal opportunity to participate in an academic program."

18. Defendant's discrimination against Plaintiff arose specifically out of his ADHD, and was the motivating factor in Defendant's repeated failures to engage in any meaningful attempt to provide a reasonable accommodation to Plaintiff.

19. Irrespective of Defendant's motivation or intent, Defendant's actions have resulted in significant adverse discriminatory and disparate treatment of Plaintiff, and otherwise subjected him to discrimination because of his disability.

20. Despite Plaintiff's timely and specific request for an accommodation, or a modification of the dual enrollment program and policies, and while Defendant was still in a position to grant an accommodation and/or modification, Defendant persisted in its refusal.

21. Defendant's conduct prevents Plaintiff from participating in and enjoying the benefits of Defendant's services, programs, and activities, and severely prejudices and jeopardizes his ability to obtain educational opportunities in other institutions because of the failing grade, which in turn jeopardizes his employment prospects.

22. As a result of Defendant's conduct, Plaintiff has suffered anxiety, emotional distress, loss of dignity, and, unless he is allowed to withdraw from the class, will ultimately suffer the loss of academic and employment prospects he would otherwise have.

**The Controlling Statutes**

23. Title II of the ADA requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a).

24. Title II of the ADA also requires a public entity to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity. 28 C.F.R. § 35.130(b)(7)(i).

25. 29 U.S.C. § 794 of the RA provides: "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance," which includes public colleges.

26. Plaintiff has complied with all conditions precedent to the filing of this action.

27. Plaintiff has been forced to pursue his civil rights through the undersigned counsel and is obligated to pay a reasonable attorney's fee.

## COUNT I

**CLAIM FOR PRELIMINARY INJUNCTIVE RELIEF UNDER THE ADA AND RA**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-27, and further alleges:

28. Plaintiff has a substantial likelihood of success on the merits of his claims. Defendant arbitrarily refused Plaintiff's specific reasonable request for an accommodation, or modification, because of his disability.

29. Plaintiff will be irreparably harmed if injunctive relief is not granted. He is facing

a deadline for college applications, and his chances for success in his applications in the face of a failing grade in his dual program transcript are seriously jeopardized. Thus, the risk of harm to Plaintiff is imminent.

30. This threatened injury outweighs any damage to Defendant, which will not suffer any damage to its dual enrollment program by reason of making a reasonable accommodation for a disabled high school student. In fact, it will further the interests of Broward College, and the federal statutory scheme in favor of disabled students, if injunctive relief is granted in favor of Plaintiff here and Defendant is forced to rethink its dual enrollment program as it pertains to disabled students.

31. Likewise, injunctive relief in this case will serve the public interests, giving disabled students equal opportunity access to public education in our colleges and universities.

WHEREFORE, Plaintiff requests the Court to provide the following injunctive relief to allow Defendant to provide a reasonable accommodation to Plaintiff, and/or a modification of its policies and procedures, to avoid discriminating against Plaintiff by reason of his disability:

A. Enjoin Defendant from failing to provide a reasonable accommodation to Plaintiff in violation of the ADA and RA;

B. Enjoin Defendant from refusing to obtain and exercise professional judgment in deciding on Plaintiff's request for accommodation;

C. Enjoin Defendant from refusing to modify Broward College's policies and procedures with respect to reasonable requests for accommodations by disabled high school students participating in its dual enrollment program.

Plaintiff further requests supplemental relief, attorney's fees pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794a(b), and such other relief as the Court deems just and proper.

## COUNT II

### CLAIM FOR DAMAGES FOR DEFENDANT'S VIOLATION OF THE ADA

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-27, and further alleges:

32. Plaintiff is a qualified individual with a disability as defined under the ADA.

33. Defendant, a public entity receiving federal financial assistance, discriminated against Plaintiff by reason of his disability, and has denied Plaintiff the full and equal benefit of services, programs, and activities.

34. Plaintiff requested Defendant to provide him with a specific reasonable accommodation and/or modification of the dual enrollment program policies and procedures because of his disability.

35. Defendant refused, without making any meaningful analysis, without engaging in any purposeful interaction with Plaintiff, and without making any attempt at providing any reasonable accommodation at all.

36. As a result of Defendant's conduct, Plaintiff has suffered, and will suffer, economic and non-economic damages.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including attorneys' fees pursuant to 42 U.S.C. § 12205, costs, and such other relief as the Court deems just and proper. Plaintiff further demands trial by jury.

## COUNT III

### CLAIM FOR DAMAGES FOR DEFENDANT'S VIOLATION OF THE RA

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-27, and further alleges:

37. Plaintiff is a qualified individual with a disability as defined under the ADA.

38. Defendant, a public entity receiving federal financial assistance, discriminated against Plaintiff by reason of his disability, and denied Plaintiff the full and equal benefit of services, programs, and activities.

39. Plaintiff requested Defendant to provide him with a specific reasonable accommodation and/or modification of the dual enrollment program policies and procedures because of his disability.

40. Defendant refused, without making any meaningful analysis, without engaging in any purposeful interaction with Plaintiff, and without making any attempt at providing any reasonable accommodation at all.

41. As a result of Defendant's conduct, Plaintiff has suffered, and will suffer, economic and non-economic damages.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including attorneys' fees pursuant to 29 U.S.C. § 794a(b), costs, and such other relief as the Court deems just and proper. Plaintiff further demands trial by jury.

JOSE M. FRANCISCO, P.A.
*Attorneys for Plaintiff*
8660 W. Flagler Street, Suite 100
Miami, FL 33144
Tel: (305) 649-2213 Ext. 1018
Email: gonzalomasso@jmflawyers.com

By: __/s/ Gonzalo Masso__
GONZALO MASSO
Fla. Bar No.: 1011048

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.

*Benjamin Goldstein* (signature)
Benjamin Goldstein